UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

August 9, 2018

LETTER TO COUNSEL:

    RE:   *Dyana Harkins v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
           Civil Case No. TJS-17-1509

Dear Counsel:

    On June 2, 2017, Plaintiff Dyana Harkins ("Ms. Harkins") petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 20.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

    In her applications for DIB and SSI, Ms. Harkins alleged a disability onset date of August 26, 2012. (Tr. 14.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on October 3, 2016, (Tr. 31-68), and on December 14, 2016, the ALJ found that Ms. Harkins was not disabled under the Social Security Act (Tr. 18-29). The Appeals Council denied Ms. Harkins's request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Ms. Harkins's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Harkins was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since August 26, 2012. (Tr. 16.) At step two, the ALJ found that Ms. Harkins suffered from the following severe impairments: cardiomyopathy, diabetes mellitus, type II, and coronary artery disease. (Tr. 16.) At step three, the ALJ found that Ms. Harkins's

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On July 10, 2018, the case was re-assigned to me.

impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 18.) The ALJ determined that Ms. Harkins retained the RFC

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; occasional stooping, crouching, crawling or kneeling; and no exposure to hazards such as unprotected heights.

(Tr. 19.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Ms. Harkins was able to perform past relevant work as a medical records technician. (Tr. 24.) Therefore, the ALJ found that Ms. Harkins was not disabled under the Social Security Act. (Tr. 25.)

Ms. Harkins raises three arguments in this appeal. First, she argues that the ALJ did not evaluate a statement by her primary care physician, Dr. Ravi Passi. (ECF No. 15-1 at 5-6.) Second, she argues that the ALJ did not properly evaluate the opinions of the State agency physicians. (*Id.* at 6-7.) Third, she argues that the ALJ did not properly evaluate the opinion of her treating physician, Dr. Dennis Friedman. (*Id.* at 8.) I will address these arguments in turn.

Ms. Harkins first argues that the ALJ failed to consider an October 27, 2014, treatment note from her primary care physician, Dr. Ravi Passi. (*Id.* at 5.) This treatment note (Tr. 538-39) documents Ms. Harkins's follow up visit with Dr. Passi after her right fifth toe amputation.[3] In the "Subjective" portion of the treatment note, Dr. Passi notes that Ms. Harkins requested "documentation saying she should not be on her feet for long periods of time," and that she has a history of diabetic foot ulcer and toe amputation. (Tr. 538.) In the "Plan" portion of the note, Dr. Passi notes that he completed a form for Ms. Harkins and that she "should not stand for long[] periods of time secondary to toe amputation." (Tr. 539.)

Although the ALJ did not discuss Dr. Passi's treatment note, the contents of the note are not inconsistent with the ALJ's RFC assessment. First, the note was written less than four months after Ms. Haskins's fifth right toe amputation. As the ALJ noted in her decision, any limitations that Ms. Haskins experienced in connection with her toe amputation were "acute in nature, and resolved within twelve months of onset." (Tr. 17.) Notably, Dr. Passi did not indicate in the note how long the standing limitation should apply. Second, the note does not define what "long periods of time" are, and casts no light on whether Ms. Harkins was able to stand for six hours during an eight-hour workday at the relevant time.[4] For these reasons, Ms. Harkins's first argument is without merit.

Ms. Harkins's second argument is that the ALJ failed to properly evaluate the opinions of

---

[3] Ms. Harkins's toe amputation occurred on July 2, 2014. (Tr. 363.)
[4] The full range of light work requires the ability to stand and walk for six hours out of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).

the State agency consultants. (ECF No. 15-1 at 6-7.) Specifically, she argues that the ALJ improperly rejected the opinions of the State agency physicians (that Ms. Harkins was unable to stand for more than two hours in an eight-hour workday) without providing a rationale. (Tr. 73, 83, 97, 108.) Similarly, in her third argument, Ms. Harkins argues that the ALJ did not properly evaluate the medical opinions of her treating physician, Dr. Dennis Friedman. (ECF No. 15-1 at 7-13.)

Because Ms. Harkins's claims were filed before March 27, 2017, the standards for evaluating medical opinion evidence are set forth in 20 C.F.R. §§ 404.1527, 416.927. *See Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017). ALJs must "evaluate every medical opinion" presented to them, "regardless of its source." *Id.* With regard to the medical opinions of treating physicians, the regulations provide:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight.

20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, an ALJ must consider several factors in determining the weight to give the opinion: (1) the length of the treatment relationship, including its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. *Id.* §§ 404.1527(c), 416.927(c).

The ALJ's explanations for the weight assigned to the opinions of the State agency physicians and Dr. Friedman are deficient. The State agency physicians stated that Ms. Harkins was only capable of standing or walking for less than two hours during an eight-hour workday. (Tr. 73, 83, 97, 108.) In her decision, the ALJ implied that the two-hour standing limitation was inconsistent with "the severity of conditions supported by the claimant's diagnostic studies, and objective examinations." (Tr. 23.) The ALJ provided no further explanation, leaving this Court to guess which diagnostic studies and objective examinations the ALJ found to be inconsistent with the State agency physicians' opinions. The ALJ's analysis in this regard is "incomplete and precludes meaningful review." *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016)

Dr. Friedman (Ms. Harkins's treating physician since 2011, a fellow of the American College of Cardiology, and Board Certified in Cardiovascular Diseases in Interventional Cardiology) stated that Ms. Harkins was capable of standing or walking for no more than 2 hours during an eight-hour workday. (Tr. 771-72.) The ALJ assigned little weight to this opinion because it was apparently "based on the claimant's allegations rather than the physical examinations he conducted." (Tr. 24.) This explanation is not sufficient for the rejection of Dr. Friedman's opinion, especially considering his specialty in a field related to his opinion, and the five year treating relationship he had with Ms. Harkins. While an ALJ is permitted to give little weight to the opinion of a treating physician if there is persuasive contrary evidence, *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), the ALJ must discuss any contrary evidence with

3

specificity so that a reviewing court can conduct a meaningful review. *Monroe*, 826 F.3d at 191. Here, the ALJ simply concluded that Dr. Friedman's opinions were entitled to little weight because they were apparently based on Ms. Harkins's allegations. But even if this were the case, there is little indication in the record that Ms. Harkins's allegations regarding her functional limitations are not credible.

The only indication in the ALJ's decision regarding why the ALJ found Ms. Harkins's allegations not to be credible relates to her ability to perform house chores and childcare. (Tr. 20-21.) In May 2015, Ms. Harkins completed a function report that indicated that she performed house chores and helped take care of her grandchildren. (*Id.*) In October 2016, Ms. Harkins testified before the ALJ that she did not perform house chores or assist with childcare. Although these statements are inconsistent on a superficial level, they also refer to Ms. Harkins's activities at two different points in time: before her November 2015 heart attack and after it. It may be that Ms. Harkins's abilities to perform house chores and assist with childcare deteriorated after her November 2015 heart attack, just as she testified that her ability to perform work deteriorated. (Tr. 41-42.) It may also be that she performed house chores and assisted with childcare in May 2015, but chose not to do so in October 2016. But the inconsistency in these statements does not indicate that Ms. Harkins's statements regarding her limitations are not credible.

The ALJ provided a thorough and technical summary of the objective medical evidence in the record, but the ALJ's discussion of the opinions of the State agency physicians and Dr. Friedman is not sufficient for this Court to determine that the decision is supported by substantial evidence and reached through the application of proper legal standards. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Ms. Harkins is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 20) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge